IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 24-03334 (MCF) |
| YESSENIA OCASIO DELGADO | CHAPTER 13 |
| Debtor | |
| YESSENIA OCASIO DELGADO | ADVERSARY CASE NO. 25-00018 |
| Plaintiff | |
| V. | |
| BIOPHARMA COOP | |
| Defendant | |

## **OPINION AND ORDER**

The Defendant, Biopharma Coop., moves to dismiss the complaint because the Plaintiff, Yessenia Ocasio Delgado, fails to state causes of action under the violation of the automatic stay and the Fair Credit Billing Act. (Docket No. 16). The Plaintiff opposes. (Docket No. 17). The court denies the motion to dismiss.

### I. POSITIONS OF THE PARTIES

In the complaint, the Plaintiff seeks actual and punitive damages for alleged violations of the Fair Credit Billing Act and the automatic stay. The Plaintiff asserts that the Defendant, by and through setting off its credit card claim against her deposit account with the Defendant, and/or placing an administrative freeze on such funds, violated the Fair Credit Billing Act, 15 U.S.C. § 1666(h), and the automatic stay provisions of the Bankruptcy Code, pursuant to 11 U.S.C. § 362.

The Defendant argues that it did not violate any laws. Because it holds a lien over the Plaintiff's deposit account, it can place an administrative hold on it. The Defendant denies setting off the deposit account against the Plaintiff's credit card debt. The Defendant argues that the administrative hold on the deposit account is temporary until confirmation of the plan, which provides for the surrender of collateral. (Docket No. 16).

The Defendant specifically denies violating § 1666 of the Fair Credit Billing Act and contends that the prohibition to a card issuer from offsetting a cardholder's indebtedness applies narrowly to creditor conduct during billing disputes and does not eliminate lawful security interests or statutory liens such as those held by cooperatives under Puerto Rico law. As to the alleged violation of the automatic stay, the Defendant asserts that after the filing of the petition, the Plaintiff continued withdrawing funds via ATM transactions, substantially reducing the value of the Defendant's secured collateral. To prevent further dissipation of its collateral, the Defendant placed an administrative hold on the deposit account. The Defendant points out that an administrative hold is not a setoff and does not violate the automatic stay under 11 U.S.C. § 362.

The Plaintiff opposes dismissal, stating that the Defendant attempts to argue for dismissal of the complaint by introducing additional factual allegations and showing reluctance to accept the well-pleaded facts in the complaint. (Docket No. 17).

## II.    GOVERNING LAW AND ANALYSIS

### A.  Standard for motion to dismiss under Civil Rule 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to assess the legal feasibility of a complaint, not to weigh the evidence which the plaintiff offers or intends to offer. Velez-Arcay v. Banco Santander de P.R. (In re Velez-Arcay), 499 B.R. 225, 230 (Bankr. D.P.R. 2013). This rule applies to bankruptcy proceedings. Fed. R. Bankr. P. 7012(b). The Federal Rules mandate that complaints contain a "short and plain statement of the claim showing that the pleader

is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed.R. Bankr. P. 7008. "Although detailed factual allegations are not required, the Rule does call for sufficient factual matter." Surita Acosta v. Reparto Saman Inc., 464 B.R. 86, 90 (Bankr. D.P.R. 2012). Therefore, to survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The Twombly standard was further developed in Ashcroft v. Iqbal, 556 U.S. 662 (2009), advising lower courts that "determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, allegations in a complaint cannot be speculative and must cross "the line between the conclusory and the factual." Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011). "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 11 (1st Cir. 2011).

### B. Fair Credit Billing Act

The Truth in Lending Act [("TILA")] promotes "the informed use of credit." *Pub. L. No. 90-321, 82 Stat. 146 (1968)*. It required creditors to provide certain disclosures and to issue periodic statements to debtors. It also imposed civil liability on those who did not comply with those provisions. Lyons v. PNC Bank, N.A., 112 F. 4th 267 (4th Cir. 2024). Congress later amended TILA via the Fair Credit Billing Act, which created more protections against "inaccurate and unfair credit billing and credit card practices." Pub. L. No. 93-495, 88 Stat. 1500 (1974)

(codified as amended at 15 U.S.C. § 1666-1666j). One of those protections included a prohibition on offsets. 15 U.S.C. § 1666h. The Act provides that "[a] card issuer may not take any action to offset a cardholder's indebtedness arising in connection with a consumer credit transaction under the relevant credit card plan against funds of the cardholder held on deposit with the card issuer. Id. § 1666h(a); 12 C.F.R. § 226.12(d)(1)." Johnson v. Bank of Am., Inc., 2021 U.S. Dist. LEXIS 182624, 2021 WL 4307148, at 3-4 (D.N.M. 2021) (emphasis omitted).

The Act contains an exception to the offset prohibition under which a card issuer may offset to satisfy a debt where:

(1) such action was previously authorized in writing by the cardholder in accordance with a credit plan whereby the cardholder agrees periodically to pay debts incurred in his open end credit account by permitting the card issuer periodically to deduct all or a portion of such debt from the cardholder's deposit account, and

(2) such action with respect to any outstanding disputed amount not be taken by the card issuer upon request of the cardholder.

Id.

Section 1666h provides that "[a] [credit] card issuer may not take any [unauthorized] action to offset a cardholder's indebtedness arising in connection with a consumer credit transaction . . . against funds of the cardholder held on deposit with the card issuer." 15 U.S.C. § 1666h(a). Thus, to state a claim under this provision, the Plaintiff must allege both that she became indebted to the Defendant by using her credit card and that the Defendant offset that indebtedness by seizing "funds" that the Plaintiff "held on deposit" with the Defendant. Purdum v. Am. Express, 2024 U.S. Dist. LEXIS 36879, 2024 WL 921016, at 6 (E.D. Pa. 2024).

Regulation Z, which implements this section, nevertheless provides that a card issuer may offset a cardholder's indebtedness if it obtains or enforces a consensual security interest in the funds. 12 C.F.R. § 226.12(d)(2); In re Lyon, 2010 Bankr. LEXIS 3374, 2010 WL 3777827, at 6-7 (Bankr. D. Ariz. 2010). To qualify for the exception stated in § 226.12(d)(2), a security interest

-4-

must be affirmatively agreed to by the consumer and must be disclosed in the issuer's account-opening disclosures under § 226.6. The security interest must not be the functional equivalent of a right of offset; as a result, routinely including in agreements contract language indicating that consumers are giving a security interest in any deposit accounts maintained with the issuer does not result in a security interest that falls within the exception in § 226.12(d)(2). Martino v. Am. Airlines Fed. Credit Union, 121 F. Supp. 3d 277 (D. Mass. 2015).

### C. Automatic Stay

The automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code. It gives debtors a "breathing spell" from creditors and stops all collection efforts, all harassment, and all foreclosure actions. H.R. Rep. No. 95- 595, 95th Cong. 1st Sess. 340-342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 54-55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296-97. ICC v. Holmes Transp., Inc., 931 F.2d 984, 987 (1st Cir. 1991); In re Smith Corset Shops, Inc., 696 F.2d 971, 977 (1st Cir. 1982). "It allows the debtor to attempt a repayment or reorganization plan or simply be relieved of the financial pressures that drove him into bankruptcy." Smith, 696. F.2d at 977.

A debtor seeking damages for violation of the automatic stay "bears the burden of proving by a preponderance of the evidence the following three elements: (1) that a violation of the automatic stay occurred; (2) that the violation was willfully committed; and (3) that the debtor suffered damages as a result of the violation." In re Slabicki, 466 B.R. 572, 577- 78 (B.A.P. 1st Cir. 2012) (quoting In re Panek, 402 B.R. 71, 76 (Bankr. D. Mass. 2009)). "The standard for a willful violation of the automatic stay. . . is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation." Fleet Mortg. Grp., Inc. v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999). "A willful violation does not require a specific intent to violate the automatic stay." Lopez v. Dep't of the Treasury of the Commonwealth of P.R. (In

re Lopez), 492 B.R. 595, 607 (Bankr. D.P.R. 2013). "The standard for a willful violation of the automatic stay ... is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation." Fleet Mortgage Group v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999).

It is well settled that a financial institution can use an administrative freeze as a temporary measure to protect its setoff rights while it seeks relief from the automatic stay with the goal of having the court determine whether it can keep the funds permanently. In re Brooks, 2013 Bankr. LEXIS 5571, at 2 (referring to Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 20-21, 116 S.Ct. 286, 133 L.Ed. 2d 258 (1995)). A right of setoff that exists prepetition is preserved in bankruptcy, pursuant to 11 U.S.C. § 553(a). Brooks, 2013 Bankr. LEXIS 5571, at 2. Now, in bankruptcy, a creditor having setoff rights to prepetition obligations must obtain relief from the automatic stay to complete the process. Lyon, 2010 Bankr. LEXIS 3374, 2010 WL 3777827, at 5.

### III. APPLICATION OF THE LAW

The allegations of the complaint demonstrate plausible violations of the Fair Credit Billing Act and the automatic stay. To survive a 12(b)(6) motion, the complaint must allege that she became indebted to the Defendant by using her credit card and that the Defendant offset that indebtedness by seizing "funds" that the Plaintiff "held on deposit" with the Defendant in violation of the Fair Credit Billing Act. The Plaintiff alleges that before filing for bankruptcy, she had a savings account and a credit card debt with the Defendant. When the Plaintiff filed her petition, she listed the Defendant as an unsecured creditor for the alleged credit card debt. The Clerk of the Bankruptcy Court notified the Defendant of the bankruptcy. Subsequently, the Defendant filed a proof of claim in the bankruptcy case. In paragraphs 23-24 of the adversary complaint, the Plaintiff

-6-

avers that on multiple occasions, she contacted the Defendant regarding the funds held on deposit. She accuses the Defendant of blocking her account. Paragraph 25 of the adversary complaint states that "[u]pon information and belief," the Defendant withdrew or converted over $2,900 that she held in deposit to offset the consumer debt. Based on these allegations, the Plaintiff has a prima facie claim for violation of the Fair Credit Billing Act.

However, the Defendant raises certain affirmative defenses to the Plaintiff's averments. It claims that it falls under certain exceptions, such as being a secured creditor over the deposit account, and it has the right to freeze the account. If these affirmative defenses are proven, the Plaintiff's cause of action under the Fair Credit Billing Act would fail.

In deciding a motion to dismiss under Rule 12(b)(6), the court limits its inquiry to facts stated in the complaint, Douglas v. Hirshon, 63 F.4th 49, 57 (1st Cir. 2023), and the court should not make findings of fact or conclusions of law. Roth v. Jennings, 489 F.3d 499, 509 (2nd Cir. 2007). At this juncture, the court cannot assess whether the Defendant had the right to freeze the account based on its secured lien. The court cannot assess these affirmative defenses because it would require findings of fact and conclusions of law. Thus, the motion to dismiss for failure to state a cause of action under the Fair Credit Billing Act is denied.

In relation to the violation of the automatic stay claim, the Plaintiff alleges that the Defendant, despite receiving notice of the bankruptcy proceeding, continued with collection efforts by setting off Plaintiff's deposit account. The Plaintiff also asserts that the Defendant did not file a motion for relief of stay or obtain an order from relief of the automatic stay. The Plaintiff claims to have suffered damages as a result of the Defendant's actions. As stated above, the issues of whether the Defendant set off the deposit account or conducted an administrative hold cannot be determined on a dismissal motion. The Defendant admits in its motion to dismiss that the administrative freeze is up and until the confirmation of the plan. The Plaintiff's averments for

violation of the automatic stay are sufficient to survive a 12(b)(6) motion.

IV. CONCLUSION

Assuming the veracity of Plaintiff's well-pleaded factual allegations in relation to Defendant's violations of § 1666(h) of the Fair Credit Billing Act and of § 362 of the Bankruptcy Code, this court finds that Plaintiff's claim for relief is plausible and should not be dismissed, pursuant Fed. R. Civ. P. 12(b)(6). Therefore, the Defendant's motion to dismiss is denied. The Defendant is ordered to answer the complaint on or before September 5, 2025. The initial scheduling conference for August 6, 2025, is rescheduled for October 22, 2025, at 9:00 A.M., at the U.S. Bankruptcy Court, Jose V. Toledo Federal Building and US Courthouse, 300 Recinto Sur Street, Courtroom 1, Second Floor, San Juan, Puerto Rico.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of August, 2025.

MILDRED CABAN FLORES
United States Bankruptcy Judge

-8-